IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | 1:24-cr-00563-LLA |
| | : | |
| **CHARLES ORLANDO PRATT IV,** | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO CLARIFY
TERMS OF PRE-TRIAL RELEASE ORDER**

COMES NOW Attorney Allen H. Orenberg, Counsel for Charles Orlando Pratt IV, to request the Court clarify the terms of its Order Setting Conditions of Release issued on December 17, 2024. [ECF 13]

**I.   Case History and Request for Clarification
of Order Setting Conditions of Release**.

Mr. Pratt is now charged in a Indictment with two felonies and several misdemeanors relating to the events at the Capitol in Washington, D.C., on January 6, 2021. [ECF 6]

On or about December 3, 2024, Mr. Pratt was made aware of the complaint and arrest warrant. [ECF 1, 5] He voluntarily self-surrendered on December 4, 2024, at the U.S. Courthouse in Richmond, VA, where he had an initial appearance in The Eastern District of Virginia. U.S. Magistrate Summer L. Speight released him the same day.

On December 17, 2024, Mr. Pratt appeared in the District of Columbia before U.S. Magistrate Judge Zia M. Faruqui for an initial appearance and arraignment. The Court issued an Order Setting Conditions of Release with some special

1

conditions. [ECF 13] There are a few items for which Mr. Pratt requests clarification.

First, in the Order Setting Conditions of Release, he is ordered to surrender his U.S. Passport to the "PSA-Eastern District of Virginia/Richmond. *See* [ECF 13, No. 7 (d)] However, during the Court hearing on December 17th it was proposed, and the Court authorized, that undersigned counsel will receive from AFPD Joseph Camden (in Richmond, VA) the subject Passport and, in turn, deposit it with U.S. Pre-Trial Services in Washington, D.C.  Furthermore, U.S. Pre-Trial Services Officer / Supervisor Takeysha Robinson (DCXDC) recently confirmed with counsel the subject Passport should be deposited with  U.S. Pre-Trial Services in Washington, D.C. Mr. Pratt is asking the Court to clarify/modify the Order Setting Conditions of Release [ECF 13] concerning where his U.S. Passport shall be deposited.

Second, during the Court hearing on December 17th, Magistrate Judge Zia granted Mr. Pratt's request to attend, in Washington, D.C., both the swearing in ceremony of newly-elected U.S. Congressman John McGuire (5th District, VA) on January 3, 2025, and the inauguration of President-Elect Donald J. Trump on January 20, 2025. However, the Order Setting Conditions of Release [ECF 13] states, (on page 3) that "Defendant is authorized to attend the swearing in ceremony of political officer in home jurisdiction." Defendant is asking the Court to clarify/modify the Order Setting Conditions of Release [ECF 13] so that he may on January 3, 2025,  attend  in Washington, D.C., the swearing in ceremony of newly-elected U.S. Congressman John McGuire. (5th District, VA)

Third, the Court should clarify whether "submit to supervision by and report to the PSA-Eastern District of Virginia/Richmond" includes an implied near-blanket Fourth Amendment waiver which requires Mr. Pratt to grant the Pre-Trial Services unfettered access to his employment records, education records, medical records, etc. Counsel for Mr. Pratt sees nothing in this Court's Order Setting Conditions of Release [ECF 13] which could possibly be construed to impose such an invasive requirement.

Mr. Pratt is asking the Court for clarification as to whether or not he has to complete and submit certain U.S. Pre-Trial Services Forms / Releases. It is counsel's understanding that defendant was excused from doing so on December 12, 2024, by U.S. Magistrate Summer L. Speight. (EDVA/Richmond)  Attached is a copy of that Court's Order to this effect. (Case No. 3:mj-00115-SLS, ECF 9)

Presently, this Court's Order Setting Conditions of Release [ ECF 13] does not clearly address whether or not Mr. Pratt is required to complete and submit these U.S. Probation Office Forms/Releases. However, during recent conversations with both U.S. Pre-Trial Services Officer Jami Westby (EDVA/Richmond) and with U.S. Pre-Trial Services Officer / Supervisor Takeysha Robinson, counsel was informed that there should be a clear statement on this issue. As counsel understands it there are three Forms/Releases for which clarification is requested. All three documents are attached as Exhibits

The first form is a general release form, document is a PROB 11G/11H form typically used for post-conviction supervision. It authorizes U.S. Probation to obtain all of the supervisee's most private records, including medical records, psychological

and psychiatric records, educational records, and employment records, and waives the person's "rights under the Privacy Act (5 U.S.C. § 552a). Mr. Pratt, on the advice of the undersigned, declined to sign this document until / unless the Court clarifies that it is required as a condition of supervision.

The second form DF-148, is a waiver of the supervisee's rights to keep medical information private under the Heath Insurance Portability and Accountability Act (HIPAA). Mr. Pratt, on the advice of the counsel, declined to sign this document until / unless the Court clarifies that it is required as a condition of supervision.

The third form is PROB 11B, which is **an** Authorization to Release Confidential Information Drug Abuse and Mental Health Programs Unrestricted Communication. Mr. Pratt, on the advice of the counsel, declined to sign this document until / unless the Court clarifies that it is required as a condition of supervision.

**II.   The Court's Release Order Does Not Require an Anticipatory and Near-Total Fourth Amendment Waiver.**

The Court should reject Pre-Trial Services' position that the Release Order, requiring Mr. Pratt "submit to supervision," implicitly includes the condition that he waive nearly all of his Fourth Amendment rights. That construction of the order violates basic principles of fair notice, contravenes § 3142(h)(1), and is constitutionally suspect under the Fourth Amendment. Because the Court clearly did not intend to abrogate Mr. Pratt's Fourth Amendment rights simply by ordering

4

that he "submit to supervision," the Court should clarify that Pre-Trial Services cannot unilaterally require Mr. Pratt to sign anticipatory waivers of confidentiality.

### A.  Plain Language and Lack of Notice.

A condition of release must provide "fair notice of the conduct" it punishes or requires, and cannot be "so standardless that it invites arbitrary enforcement." *United States v. Comer*, 5 F.4th 535 (4th Cir. 2021), *quoting Johnson v. United States*, 576 U.S. 591, 595 (2015).

The Bail Reform Act implements this guarantee, and requires that any release order imposing conditions "include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct."  18 U.S.C. § 3142(h)(1).

Vague or implicit conditions also impermissibly blur the line of authority between the Court and probation officer. The Court sets conditions, and the probation officer implements those conditions in a particular case. The probation officer cannot be allowed "an unfettered power of interpretation, as this would create one of the very problems against which the vagueness doctrine is meant to protect, *i.e.*, the delegation of 'basic policy matters to policemen … for resolution on an ad hoc and subjective basis.'" *United States v. Loy*, 237 F.3d 251, 266 (3d Cir. 2001) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972)); *United States v. Hamilton*, 986 F.3d 413, 420 (4th Cir. 2021) (quoting *Loy* and *Grayned*, holding condition of supervised release invalid because it "provide[d the defendant's] probation officer with no bounds on how to exercise his discretion.").

Here, the condition imposed is simply that Mr. Pratt "submit to supervision."

5

There is absolutely nothing in this condition that allows Pre-Trial Services to require a blanket prospective waiver of rights to privacy in medical records, educational or employment records, etc. If construed as Pre-Trial Services asserts it is a breathtakingly unconstitutional delegation of unfettered power of interpretation. Neither the language of the order nor the context supports Probation's interpretation and the Court should clarify that Mr. Pratt is not required to waive his privacy rights.

### B.  Constitutional Avoidance.

The Court should also clarify for Pre-Trial Services that it should not read a simple condition to "submit to supervision" as an implicit license to abrogate fundamental constitutional rights.  In order to obtain access to a person's private medical or financial records, ordinarily a law enforcement officer has to obtain a warrant, demonstrate probable cause under oath, and comply with the procedural requirement on obtaining and executing warrants.  *See* U.S. Const. amend IV; Fed. R. Crim. P. 41.

Courts can, of course, abrogate those rights through conditions of release given the proper justification. Typically, that arises *after* conviction, and is based on specific findings that the defendant's rehabilitation and protection of the public require it given the facts of the case. *See United States v. Knights*, 534 U.S. 112 (2001) (warrantless search of probationer's apartment based on reasonable suspicion pursuant to condition of probation did not violate Fourth Amendment, where "probation order clearly expressed the search condition and Knights was

6

unambiguously informed of it"); *Samson v. California*, 547 U.S. 843 (2006) (search of parolee without warrant or suspicion did not violate Fourth Amendment).

But the same is not true of someone on pretrial release. Here, the presumption of innocence applies, *see* 18 U.S.C. § 3142(j), and punishment and rehabilitation are not available goals. The Bail Reform Act also directs courts to impose the "least restrictive" set of further conditions to assure appearance at trial and the safety of the community.  18 U.S.C. § 3142(c)(1)(B).

So, for example, in *United States v. Scott*, 450 F.3d 863 (9th Cir. 2006), the Ninth Circuit held that a purported Fourth Amendment waiver that was imposed as a standard condition of pretrial release was not enforceable as a waiver, and that a search and urine test still had to be independently reasonable under the Fourth Amendment.  *Id.* at 868.  It's worth quoting the relevant portion in full:

> Many pretrial detainees willingly consent to such conditions, preferring to give up some rights in order to sleep in their own beds while awaiting trial.
>
> It may be tempting to say that such transactions—where a citizen waives certain rights in exchange for a valuable benefit the government is under no duty to grant—are always permissible and, indeed, should be encouraged as contributing to social welfare. After all, Scott's options were only expanded when he was given the choice to waive his Fourth Amendment rights or stay in jail. *Cf. Doyle v. Cont'l Ins. Co.*, 94 U.S. 535, 542, 24 L.Ed. 148 (1877). But our constitutional law has not adopted this philosophy wholesale. The "unconstitutional conditions" doctrine, *cf. Dolan v. City of Tigard*, 512 U.S. 374, 385, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994), limits the government's ability to exact waivers of rights as a condition of benefits, even when those benefits are fully discretionary.  Government is a monopoly provider of countless services, notably law enforcement, and we live in an age when government influence and control are pervasive in many aspects of our daily lives. Giving the government free rein to grant conditional benefits creates the risk that the government will abuse its power by attaching strings strategically, striking lopsided deals and gradually

7

> eroding constitutional protections. Where a constitutional right "functions to preserve spheres of autonomy ... [u]nconstitutional conditions doctrine protects that [sphere] by preventing governmental end-runs around the barriers to direct commands." Kathleen M. Sullivan, *Unconstitutional Conditions*, 102 Harv. L.Rev. 1413, 1492 (1989); *see generally id.* at 1489–1505; Richard A. Epstein, *The Supreme Court, 1987 Term–Foreword: Unconstitutional Conditions, State Power, and the Limits of Consent*, 102 Harv. L.Rev. 4, 21–25 (1988).

*United States v. Scott*, 450 F.3d 863, 865–67 (9th Cir. 2006).

Here, neither any evidence in the record nor the plain language of the Court's order supports the direction by U.S. Pre-Trial Services that Mr. Pratt waive his Fourth Amendment rights, or release of his private medical or other records. The Court is asked to clarify that.

WHEREFORE, for the foregoing reasons and such other reasons which may appear just and proper, Charles Orlando Pratt IV, requests the Court clarify the terms of its Order Setting Conditions of Release issued on December 17, 2024. [ECF 13]

Respectfully Submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, LLC
200-A Monroe Street, Suite 233
Rockville, Maryland 20850
Tel. No. 301-807-3847
Fax No. 240-238-6701
aorenberg@orenberglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2024, a copy of the foregoing Defendant's Motion to Clarify Terms of Pre-Trial Release Order was delivered to case registered parties by the CM/ECF court system. Furthermore a copy was directly e-mailed to U.S. Pre-Trial Services Officer Jami Westby (EDVA-Richmond) and to U.S. Pre-Trial Services Officer / Supervisor Takeysha Robinson.

_____
Allen H. Orenberg