UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-cr-563 (LLA) |
| : | |
| CHARLES ORLANDO PRATT IV : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CLARIFY
TERMS OF PRE-TRIAL RELEASE ORDER**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Response to defendant Charles Orlando Pratt IV's motion to clarify terms of pre-trial release order. *See* ECF No. 14. For the reasons described below, the motion should be denied in part.

**I.    BACKGROUND**

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and resulting in hundreds of injured officers and even multiple deaths. That day, the defendant joined the riot outside the U.S. Capitol Building and assaulted law enforcement officers. ECF No. 1-1 at 1–2.

On December 22, 2024, the defendant moved to clarify his conditions of release imposed by U.S. Magistrate Judge Zia M. Faruqui. *See* ECF No. 14. The defendant asks this court to clarify the conditions of release regarding: (1) surrendering his U.S. passport, (2) prohibiting his travel to Washington, D.C, including to attend a swearing-in ceremony to take place on January 3, 2025

1

and the inauguration on January 20, 2025, and (3) providing supervision certain access to his records. *See* ECF No. 14 at 2–3.

On December 23, 2024, Pretrial Services Agency ("PSA") Supervising Officer Takeysha Robinson, who is overseeing the supervision of the defendant, indicated orally to the government her opposition in part to the request. First, Officer Robinson stated that PSA does not object to the proposed manner of surrender of the defendant's passport. Second Officer Robinson objected to modifying the defendant's condition of release to allow him to return to Washington, D.C. because the condition of release was properly placed to ensure the safety of the D.C. community, the defendant should not be privileged to return to the scene of his crime, and law enforcement officers present on January 6, 2021 may be again required to defend U.S. Capitol Grounds and the presence of those credibly accused of rioting on January 6, 2021 could risk retraumatizing them. Third, Officer Robinson objected to the defendant's characterization that he is required to sign release documents that are provided to every criminal defendant but did not object to the defendant exercising his right not to sign such releases.

## II.   LAW & ARGUMENT

Like PSA, the government does not object to the defendant surrendering his passport to PSA District of Columbia via defense counsel. Furthermore, the government does not believe the defendant is required to sign release information for PSA and neither PSA nor the releases themselves suggest any such requirement. However, like PSA, the government objects to the defendant's request to travel to Washington, D.C. Indeed, the fact that the defendant is not willing to cooperate with PSA by providing routine background record releases—a right that he can of course exercise—should give this Court concern as to modifying other release conditions

particularly with respect to allowing the defendant to return to Washington, D.C. absent required purposes.

The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). This Court may "at any time amend [an] order [setting conditions of release] to impose additional or different conditions." *Id.* § 3142(c)(3). When determining conditions of release, the following factors are pertinent: "the nature and circumstances of the offense charged"; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

The last organized event the defendant attended in Washington, D.C., spiraled into a full-scale riot. Moreover, the defendant is charged with violent felonies, and Washington, D.C., and specifically the United States Capitol, is the last place he should be allowed to visit absent required purposes. This was the scene of his crime—a crime which contributed to the disruption of the peaceful transition of power. What's past is prologue, and the defendant could easily find himself in another situation where he engages in mob violence. Given that the defendant refuses to provide relevant releases as to his background, there are great unknowns as to the defendant's suitability and temperament with regards to such allowances.

Courts confronted with requests to modify conditions of release for January 6, 2021 defendant have generally required defendants receive prior approval from PSA for travel. *See, e.g.*, *United States v. Brock*, 2021 U.S. Dist. LEXIS 153394 at *12 (D.D.C. Aug. 16, 2021) (allowing travel throughout the home district but requiring that the defendant "obtain approval from his

Pretrial Services Officer for all other travel"). Here, PSA has opined that they would not give approval for the defendant to travel to Washington, D.C. In addition to the reasons stated above, PSA indicated that there is a nontrivial risk that law enforcement officers would be retraumatized by the presence of those who rioted on January 6, 2021. To the extent U.S. Magistrate Judge Zia M. Faruqui's written release conditions allow the defendant's travel to Washington D.C. absent required purposes, it should be modified.[1]

## III. CONCLUSION

For these reasons, the government respectfully requests that the Court deny in part the defendant's motion to clarify his conditions of pretrial release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Pavan S. Krishnamurthy*
PAVAN S. KRISHNAMURTHY
Assistant United States Attorney
D.C. Bar No. 252831
601 D Street NW
Washington, DC 20001
(202) 252-7862
pavan.krishnamurthy@usdoj.gov

---

[1] Magistrate Judge Faruqui's written order states that the "Defendant is authorized to attend the swearing in ceremony of political officer in home jurisdiction" but also authorizes the Defendant's travel to Washington, D.C. for the 2025 Inauguration. *See* ECF No. 13 at 3. This Court may "at any time amend [an] order [setting conditions of release] to impose additional or different conditions." 18 U.S.C. § 3142(c)(3). Consequently, this Court should prohibit the defendant from traveling to Washington, D.C. except for attendance at Court proceedings, meetings with counsel, other defense team members to include investigators, work purposes and required PSA Business, consistent with release condition (f). *See* ECF No. 13 at 2.